**LOMURRO, MUNSON, LLC**
**Eric H. Lubin, Esq. ID #: 012442007**
Monmouth Executive Center
4 Paragon Way, Suite 100
Freehold, New Jersey 07728
(732) 414-0300
*Attorneys for Defendants Scalable Commerce, LLC and National Data Analytics, LLC*

*UNITED STATES DISTRICT COURT*
*DISTRICT OF NEW JERSEY*

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, JANE DOE-1, a law enforcement officer, JANE DOE-2, law enforcement officer, EDWIN MALDONADO, SCOTT MALONEY, JUSTYNA MALONEY, PATRICK COLLIGAN, PETER ANDREYEV AND WILLIAM SULLIVAN,<br><br>Plaintiffs,<br><br>vs.<br><br>SCALABLE COMMERCE, LLC, NATIONAL DATA ANALYTICS, LLC, RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities,<br><br>Defendants. | Civil Action No.: 1:24-cv-04160<br><br>CIVIL ACTION<br><br>**ANSWER AND AFFIRMATIVE DEFENSES** |

Defendants Scalable Commerce, LLC, and National Data Analytics, LLC (collectively "Defendant") by and through its undersigned attorneys, and by way of Answer to Plaintiffs' Complaint, state as follows:

### Introduction

1. This paragraph does not contain any factual allegations for Defendant to admit or deny.

2. This paragraph does not contain any factual allegations for Defendant to admit or deny.

3. This paragraph does not contain any factual allegations for Defendant to admit or deny.

4. This paragraph does not contain any factual allegations for Defendant to admit or deny. To the extent that a response is required, Defendant denies the allegations.

## Background

5. This paragraph contains no allegations as to Defendant.

6. This paragraph contains no allegations as to Defendant.

7. This paragraph contains no allegations as to Defendant.

## New Jersey Passes Daniel's Law in 2020

8. Defendant admits that Daniel's Law was enacted in November 2020. The statute cited in this paragraph speaks for itself.

9. The statute cited in this paragraph, Daniel's Law, speaks for itself.

## Congress Passes Daniel Anderl Judicial Security and Privacy Act in 2022

10.   This paragraph does not contain allegations directed at Defendant requiring admission or denial.

11.   This paragraph does not contain allegations directed at

Defendant requiring admission or denial.

12. This paragraph does not contain allegations directed at Defendant requiring admission or denial.

**Violence Against Police Officers and Judges Has Not Stopped**

13. This paragraph does not contain allegations directed at Defendant requiring admission or denial.

14. This paragraph does not contain allegations directed at Defendant requiring admission or denial.

## THE PARTIES

### The Individual Plaintiffs

15. Defendant is without sufficient information to admit or deny the allegations of this paragraph because Jane Doe-1 is not identified.

16. Defendant is without sufficient information to admit or deny the allegations of this paragraph because Jane Doe-2 is not identified.

17. Defendant is without sufficient information to admit or deny the allegations of this paragraph.

18. Defendant is without sufficient information to admit or deny the allegations of this paragraph.

19. Defendant is without sufficient information to admit or deny the allegations of this paragraph.

20. Defendant is without sufficient information to admit or deny the allegations of this paragraph.

21. Defendant is without sufficient information to admit or deny the allegations of this paragraph.

22. Defendant is without sufficient information to admit or deny the allegations of this paragraph.

23. Defendant is without sufficient information to admit or deny the allegations of this paragraph.

### Plaintiff Atlas and its Assignors

24. Admit that Atlas is a Delaware corporation.

25. The allegations in this paragraph contain legal conclusions to which no answer is required.

26. Defendant is without sufficient information to admit or deny the allegations of this paragraph.

27. Defendant is without sufficient information to admit or deny the allegations of this paragraph.

28. Denied.

29. Defendant is without sufficient information to admit or deny the allegations of this paragraph.

30. Defendant is without sufficient information to admit or deny the allegations of this paragraph.

31. Defendant is without sufficient information to admit or deny the allegations of this paragraph.

32. Defendant is without sufficient information to admit or deny the allegations of this paragraph.

33. Defendant is without sufficient information to admit or deny the allegations of this paragraph.

34. Defendant is without sufficient information to admit or deny the allegations of this paragraph.

35. Denied.

### Defendants

36. As stated, Denied.

37. As stated, Denied.

38. Defendant is without sufficient information to admit or deny the allegations of this paragraph.

39. As stated, Denied.

40. Defendant is without sufficient information to admit or deny the allegations of this paragraph.

41. Defendant is without sufficient information to admit or deny the allegations of this paragraph.

42. Daniel's Law speaks for itself.

### JURISDICTION AND VENUE

43. The allegations in this paragraph contain legal conclusions to which no answer is required.

44. The allegations in this paragraph contain legal conclusions to which no answer is required.

### FACTS COMMON TO ALL COUNTS

45. Defendant admits that Daniel's Law was enacted in November 2020.

46. The statute cited in this paragraph, Daniel's Law, speaks for itself.

47. The statute cited in this paragraph, Daniel's Law, speaks for itself.

48. The statute cited in this paragraph, Daniel's Law, speaks for itself.

49. The statute cited in this paragraph, Daniel's Law, speaks for itself.

50. The statute cited in this paragraph, Daniel's Law, speaks for itself.

51. The statute cited in this paragraph, Daniel's Law, speaks for itself.

52. As stated, Denied.

53. Defendant is without sufficient information to admit or deny the allegations of this paragraph.

54. Denied.

55. Denied.

56. Defendant is without sufficient information to admit or deny the allegations of this paragraph.

57. This paragraph does not contain allegations directed at Defendant requiring admission or denial.

## COUNT ONE

58. Defendant repeats and incorporates by reference each and every allegation contained in the previous paragraphs as if fully

set forth herein.

59. Denied.

60. Denied.

61. Denied.

62. Denied.

63. Denied.

64. Denied.

**WHEREFORE,** Defendant demands judgment against Plaintiffs dismissing their complaint in its entirety, together with interest, costs of suit, attorney's fees, and any additional relief permitted by law.

## SEPARATE AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiffs' fail to set forth a cause of action upon which relief can be granted.

### Second Affirmative Defense

Plaintiffs do not fall within the specific categories of protected persons under Daniel's Law, and thus lack standing to bring the present claim.

### Third Affirmative Defense

Plaintiffs' claims are barred because the assignments of the aforementioned claims are invalid.

### Fourth Affirmative Defense

The statute in question violates the New Jersey Constitution

and the United States Constitution relating to free speech and due process.

### Fifth Affirmative Defense

Plaintiff's claims are barred by waiver, estoppel, laches, and unclean hands.

### Sixth Affirmative Defense

Plaintiff has suffered no actual damages or ascertainable loss as a result of Defendant's alleged violation, and thus cannot sustain a cause of action under Daniel's Law.

### Seventh Affirmative Defense

Plaintiff failed to mitigate alleged damages and is therefore precluded from recovering relief sought.

### Eighth Affirmative Defense

Any alleged injury or damage claimed by Plaintiffs was not proximately caused by Defendant's conduct, but rather by intervening, superseding, or independent factors unrelated to Defendant's actions.

These defenses are based on currently available information. Defendant reserves the right to amend these defenses as they discovery additional information.

### DEMAND FOR STATEMENT OF DAMAGES

Defendant requests that within five days of service hereof

upon you, you serve upon the attorney for the defendant a written statement of the amount of damages claimed by you in the above entitled action.

## DEMAND FOR JURY TRIAL

Defendant hereby demands try by jury on all issues in this matter.

## DESIGNATION OF TRIAL COUNSEL

Eric H. Lubin, Esquire, of Lomurro Munson, LLC, is hereby designated as trial counsel.

**LOMURRO MUNSON, LLC**
Attorneys for Defendants
Scalable Commerce, LLC
National Data Analytics, LLC

By: *s/Eric H. Lubin*
    Eric H. Lubin, Esq.

DATED: October 2, 2025